## YANCEY v. UNITED STATES et al.
### (two cases).

District Court, S. D. New York.

Jan. 28, 1948.

William L. Standard, of New York City (Louis R. Harolds and Abraham Weisberg, both of New York City, of counsel), for libelants.

John F. X. McGohey, U. S. Atty., of New York City (William T. Ard, Asst. U. S. Atty., of Jersey City, N. J., of counsel), for respondents.

RYAN, District Judge.

The libelants, Myles Pendleton Yancey and James Douay Yancey, brothers, were employed by the North Atlantic and Gulf Steamship Company on December 15, 1942, as merchant seamen to serve on the S. S. Israel Putnam. The vessel subsequently appeared to be owned, and is, in fact, owned by the United States of America and is operated by the North Atlantic and Gulf Steamship Company as general agents.

At the time of the employment of these seamen they were not informed, nor were they given to understand, nor was it revealed in any way that the North Atlantic and Gulf Steamship Company was not acting for itself, but was acting as agent for the Government. In fact, an inspection of the shipping articles discloses in no way that the North Atlantic and Gulf Steamship Company were in any way acting as agents for anyone other than themselves.

The vessel upon which these men signed to serve as seamen began a voyage from New York on or about December 21, 1942, to North Russia, and successfully completed the voyage over to Russia, arriving there in the spring of 1943. The vessel, because of the conditions then prevalent in Russia, both of military and weather conditions, had to remain in port at Molotovsk, Russia, from the spring of 1943 to the autumn of 1943.

There were some 45 men in this crew. The libelants were two of that number. The vessel had made a very perilous trip. Great dangers had been experienced by all of the crew in negotiating the passage to Russia.

While the ship was at Molotovsk, Russia, on or about September 10, 1943, some of the crew members made complaint to the cap-

tain concerning the libelants. At the captain's request they submitted those complaints to him in writing. The complaints were offered in evidence as proof of their contents. The men of the crew who had made these complaints were not called as witnesses by the respondents, nor was any effort made by respondents to secure their attendance as witnesses, respondents contending that the written statements made by them and submitted to the captain were in and of themselves proof of their contents.

■ The Court held otherwise, and the Court held, and now holds, that those statements are purely hearsay statements, that they constitute no proof of the contents contained in them. They were accepted in evidence for one purpose, and only one, and that was to show that complaints were in fact made to the captain and that he acted with some probable cause, and that his acts were not malicious or vindictive.

It appears further that the libelants were at no time informed of the contents of those complaints.

At no time were they given an opportunity to make answer of response to the complaints.

The Court is not satisfied that the safety of the vessel or the safety of the crew justified the action of the captain in any manner. The captain communicated with the Naval Attache in Russia, in a port where he was then at harbor, and made written request of the Naval Attache that the two libelants be removed from his vessel and that they be returned to New York or to the United States.

Without a hearing, without an opportunity to make defense to any charges which had been made against them, they were taken from the ship, put into jail, and subsequently brought to Scotland, and finally brought back to New York where they arrived in November 1943.

■ I find that their discharge was unwarranted and unjustified.

I find that the subsequent imprisonment in Russia, in a foreign port, was without warrant or justification in law; that there are no facts introduced in evidence which would justify the action of the captain in that respect.

■ The evidence shows that these libelants suffered no permanent injury as a result of their imprisonment or their confinement, either in Russia or on their way home to New York. They are, however, to my mind entitled to some recompense for the treatment they received for their unlawful discharge and subsequent imprisonment, for the pain and suffering and the humiliation that they sustained.

■ By reason of that I award them each the sum of $750.

I also award them wages which they would have received had they remained aboard ship and completed the voyage home.

I award them, in addition to the $750, already given them, each the sum of $638.75, so that the total award for each individual libelant is $1,388.75.

■ Mr. Harolds: Is that as against both respondents?

The Court: Against both respondents, against the agent as well as the Government.

Mr. Ard: It is against both?

The Court: Yes, against both.

The evidence in this case shows that the agents acted in their own individual capacity and did not disclose that they were acting in any way as agent for anybody; that they were acting for nobody other than themselves.

Mr. Ard. On that point, a man is hired and the presumption is that he is hired for the owner of the vessel, unless it is otherwise stated. In this instance the proctor for the libelants offered in evidence the agency agreement.

The Court: That is right. The libelants testified that at the time of their employment, when they entered upon their employment, they were not advised in any way, nor did they know that they were working for anybody other than the parties who signed the shipping agreement, the North Atlantic and Gulf Steamship Company.

Mr. Ard: I should like to have a stay for the length of time that is permitted for taking an appeal, that is, 90 days or so much other time as your Honor will allow, because this matter must be submitted—

602

The Court: You want a stay for how long? I think a ninety day stay is a reasonable request. Do you want longer than that, Mr. Ard?

Mr. Ard: What is that your Honor?

The Court: Do you want longer than that?

Mr. Ard: No.

The Court: Because I know that you have a lot of work to do and I know how burdened you are with your tasks. If you feel that you need a little longer I will give it to you.

Mr. Ard: No, sir. I merely want to have it equal with the time that was allowed for taking an appeal.

The Court: Yes.

Mr. Ard: Because it is a Government matter and it takes time to find out.

The Court: I think that is a fair request, and I will grant your request. In fact, the proctor for the libelants has no objection to it anyhow.

Mr. Harold: No.

The Court: Thank you very much, gentlemen, I enjoyed your visit with me.