## LOGUE v. UNITED STATES et al.

United States District Court
S. D. New York.
April 8, 1949.

William L. Standard, New York City, proctor (Lewis R. Harolds, New York City, advocate), for libelant.

John F. X. McGohey, U. S. Atty., New York City, proctor by Hanrahan & Dougherty, New York City (Michael E. Hanrahan, New York City, advocate), for respondents.

KENNEDY, District Judge.

Libelant joined S. S. ART YOUNG as purser on April 28, 1945. The ship was owned by the respondent A. L. Burbank & Co., Ltd., and was operated by the respondent United States of America.

The libel charges that on July 11, 1945, libelant was injured as a result of the negligence of the respondents in failing to furnish him with a safe place to work. This charge is based upon the fact that on June 11, 1945, at about 10:00 o'clock in the morning the libelant was struck on the head by a piece of lumber which fell from the top deck. At the time, libelant was standing on the bridge deck on the starboard side near the gyro-room. The vessel was then entering the port of Cardiff, Wales. As a result of the blow, libelant was knocked down a metal ladder to the boat deck below.

There is little serious dispute about liability. I find that the accident happened in substantially the manner claimed by the libelant, and it is, therefore, clear that one or perhaps both of the respondents are liable.

The libelant's disability ran from September 13, 1945, to May 12, 1946. He had been receiving as purser the sum of $175 per month, but this was increased by bonus payments to approximately $200. (There was vague testimony by the libelant that he earned an average of $300 per month. But his answers to the interrogatories indicate quite clearly that in that total he was including maintenance at $6 a day which he was allowed when the ship was unable to provide subsistence and lodging.

The regular maintenance rate used by the courts during the period of libelant's disability was certainly not more than $3.50 a day. I do not consider that the special contractual rate of $6 per day is applicable to this case. The total maintenance to which libelant is entitled at the $3.50 rate is $840; his total loss of wages $1,600. This makes a total special damage of $2,440.

There is no basis for a claim of permanent disability or for reduced earning capacity of any sort after May 12, 1946. (Respondent is now a partner in a firm that works granite). In any event, libelant, prior to the accident, had a curvature of the spine and a chronic arthritic condition (although this may have been latent.) It, therefore, becomes impossible to say that libelant's accident was the proximate cause of the comparatively minor discomfort of which he now complains.

It is clear that there ought to be an award for pain and suffering during the time that libelant was laid up and under treatment. And including an allowance for this item, I believe libelant is entitled to a decree in the amount of $4,000.

I inquired at the trial what the views of the advocates were as to how the decree should run. For the libelant, it was strenuously urged that the respondents are jointly liable. Little was said on this point by the advocate for the respondents.

Libelant cites Davis v. U. S. A. and Agwilines, Inc.,[1] S.D.N.Y., May 20, 1947, Ad. 132-360, (an unreported case), and Yancey v. U. S. and North Atlantic and Gulf S.S. Co., D.C.S.D.N.Y., 77 F.Supp. 600, 1948 A.M.C. 317. Mention is also made of Hust v. Moore-McCormack Lines, Inc., 1946, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534. I would suppose that since the fault in this case is negligence rather than unseaworthiness, that the only respondent liable would be the operator, in this case the respondent United States of America. The decision in the Yancey case was based upon very peculiar circumstances (nondisclosure of the agency). Libelant furnishes an excerpt from the opinion in the Davis case, which I have said is unreported. It seems clear that a decree was, in that case, entered against both the operator and the owner. But the excerpt furnished by the libelant contains no discussion of the point here involved. While it is true that very often the same fault can be either unseaworthiness or negligence, depending upon how one approaches the problem, yet the Jones Act, 46 U.S.C.A. § 688, speaks of an election, and the libel in this case makes it quite clear that the real claim is negligence. It is my belief, therefore, that the decree here should run against the United States of America only, and that the respondent owner A. L. Burbank & Co., Ltd. is entitled to a dismissal of the libel without costs.

I have filed findings of fact and conclusions of law.

Submit decree.

1. No opinion for publication.